E-filing

1 | William E. Kennedy (CSB #158214)
LAW OFFICE OF WILLIAM E. KENNEDY
2 | 2797 Park Avenue, Suite 201
Santa Clara, California 95050
3 | (408) 241-1000 phone
(408) 241-1500 fax
4 | willkennedy@pacbell.net

5 | Cynthia Singerman (CSB #244450)
HOUSING AND ECONOMIC RIGHTS ADVOCATES
6 | P.O. Box 29435
Oakland, CA 94604-0091
7 | (510) 271-8443
csingerman@heraca.org

FILED
JUN 2 5 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Attorneys for Plaintiff JORGE SOTO and the Proposed Classes

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C09-02842 EMC

| | |
|---|---|
| JORGE SOTO | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL AND STATE FAIR DEBT COLLECTION PRACTICES ACTS** |
| vs. | |
| COMMERCIAL RECOVERY SYSTEMS, INC., CHASE HOME FINANCE LLC, | |
| Defendants. | **JURY TRIAL DEMAND** |

## INTRODUCTION

1. This class action complaint is brought to protect the rights of California consumers who have been subject to collection efforts by mortgage lenders and associated debt collectors following the foreclosure of their property. California law unambiguously prohibits collection on primary residence purchase money mortgages after a foreclosure sale, yet defendants have attempted to collect such amounts from plaintiff Jorge Soto and members of the

COMPLAINT AND DEMAND FOR JURY TRIAL

1

1 proposed classes. Plaintiff brings this action under the federal and state Fair Debt Collection
2 Practices Acts.

## JURISDICTION AND VENUE

2. Jurisdiction is proper in the Federal District Court pursuant to 28 U.S.C. §1331, on the basis that defendant Commercial Recovery Systems, Inc., by an act or omission violated federal law, specifically the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* Supplemental jurisdiction over plaintiff's claim against defendant Chase Home Finance LLC is proper pursuant to 15 U.S.C. §1367(a).

3. Venue is proper in the Federal District Court of Northern California pursuant to 28 U.S.C. §1391, because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4. Plaintiff Jorge Soto ("Mr. Soto") is an individual and a resident of Napa County in the State of California.

5. Defendant Chase Home Finance LLC (hereafter "Chase"), is a Delaware limited liability corporation with offices in Iselin, New Jersey.

6. Defendant Commercial Recovery Systems, Inc. (hereinafter "CRS") is a corporation with offices in Dallas, Texas.

7. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff and the members of the proposed classes.

## ALLEGATIONS SPECIFIC TO JORGE SOTO

8. On April 26, 2007, Plaintiff Jorge Soto purchased a single family residential home at 2040 Sommer Street, Napa, California for $490,000. Mr. Soto bought the property as a home for his wife and three daughters.

COMPLAINT AND DEMAND FOR JURY TRIAL

2

9. To finance his purchase, Mr. Soto applied for and received two home mortgage loans from Chase. The first of these mortgages was for $416,500 ("first mortgage") and the second was for $73,500 ("second mortgage"). The two mortgages were funded simultaneously as purchase money loans. Chase knew that the mortgages were purchase money loans based on the loan documents and the conversations which occurred during the loan application process. Chase also knew that the property was to be occupied by Mr. Soto. Before funding the loans, Chase in fact required Mr. Soto to sign an affidavit stating that he would occupy the home.

10. In 2008, Mr. Soto struggled with his mortgage payments because of changed financial circumstances. On February 17, 2009 Mr. Soto lost title to his home through a non-judicial foreclosure on the first mortgage.

11. Pursuant to Civil Code §580b, the trustee sale (foreclosure) terminated the mortgage holders' interest, both secured and unsecured, on the first and second mortgages. Under the statute, Mr. Soto had no remaining liability to Chase for any remaining balance on the loans following the February 17, 2009 trustee sale.

12. Mr. Soto received a letter from CRS dated February 28, 2009, eleven days following the foreclosure sale of his property. The letter states, "Your account, as detailed above, has been assigned to COMMERCIAL RECOVERY SYSTEMS for collection. I suggest that you consult with your attorney about what the laws in your state will allow our client to do to recover monies owed to it and the further consequences of nonpayment." The letter sought to collect $78,710, which CRS contended was due on the second mortgage.

13. On March 28, 2009, Mr. Soto received an automated call from CRS. The recording stated that Mr. Soto owed money in connection with his Chase account and notified Mr. Soto of CRS' intent to collect the debt. Throughout this time, CRS and Chase either knew or should have known that California law barred it from claiming the alleged debt.

14. Mr. Soto also received a telephone call from a representative of CRS. The representative stated that Mr. Soto was liable to pay the second mortgage. Mr. Soto explained that he didn't believe he owed any money on the second mortgage after the foreclosure.

COMPLAINT AND DEMAND FOR JURY TRIAL

3

Notwithstanding these statements, the CRS representative insisted that the money was owed, and pushed Mr. Soto to make payments.

15. In early May, 2009, a representative from Chase called Mr. Soto and left a message with Mr. Soto's nephew, with a phone number (800-214-5372) and a case number (2674624). Mr. Soto returned the call on or about May 11, 2009. The Chase representative he spoke with identified himself as Steven. Steven demanded that Mr. Soto pay over $70,000 with respect to the second mortgage. Mr. Soto explained that he didn't believe that he owed this sum because of the foreclosure. Nonetheless, Steven insisted that Mr. Soto still owed the money, and pushed him to make payment.

16. On May 15, 2009, a representative of Chase called again. The Chase representative again told Mr. Soto that he had to pay on the second mortgage.

## CLASS DEFINITIONS

17. The proposed Class A consists of all California residents where all of the following conditions apply:

   a. The individual took out one or more loans which were subject to California Code of Civil Procedure §580b;

   b. The real property which secured the loan was sold in foreclosure

   c. Defendant CRS sought to collect amounts on the loan following the foreclosure sale of the property;

18. The proposed Class B consists of all California residents where all of the following conditions apply:

   a. The individual took out one or more loans which were subject to California Code of Civil Procedure §580b;

   b. The real property which secured the loan was sold in foreclosure

   c. Defendant Chase sought to collect amounts on the loan following the foreclosure sale of the property;

COMPLAINT AND DEMAND FOR JURY TRIAL

4

## ALLEGATIONS COMMON TO ALL CLASS MEMBERS

19. The proposed classes each likely consist of dozens - possibly hundreds - of members and are each so numerous that joinder is impracticable. The members are readily ascertainable through the records of Defendants.

20. Questions of law and fact of common and general interest exist as to all members of the proposed classes and will predominate over any questions affecting only individual members. Most notably, the common questions include the issue of whether defendants attempted to collect mortgage balances following foreclosure from proposed class members when it had no legal right to do so pursuant to Code of Civil Procedure §580b.

21. Mr. Soto's claims are typical of the claims of the members of the proposed classes, as he was subject to collection efforts by CRS and Chase with respect to his mortgage following foreclosure.

22. Mr. Soto will fairly and adequately protect the interests of the members of the proposed classes. Mr. Soto has no interest adverse to the classes. Additionally, Mr. Soto has retained counsel experienced in the prosecution of class actions, including consumer classes actions under the federal FDCPA . Mr. Soto is thus ready, willing and able to fairly and adequately represent the interests of the classes.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual member are relatively small compared to the expense and burden of prosecuting individual cases.

24. If individual members of the classes were required to bring separate actions, courts could be confronted by multiple lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, the class action presents fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

25. Many of the members of the proposed classes may be unaware of the existence of laws that provide them with protection from the facts described above and therefore may not seek out legal assistance without the classes.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
**Violation of the Federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et. seq.)**
**(Brought as a Class Action on Behalf of Mr. Soto and the Proposed Class A Against CRS only)**

26. Plaintiff realleges and incorporates herein by reference the allegations in all other paragraphs.

27. CRS is a 'debt collector' within the meaning of 15 U.S.C. §1692a(6). The monies allegedly owed by the members of the proposed class are "debts" within the meaning of 15 U.S.C. §1692a(5).

28. None of the members of the class owed money because of the provisions of Code of Civil Procedure §580b.

29. Nonetheless, CRS demanded money or otherwise indicated that the members of the Proposed Class A owed a debt. In so doing, CRS violated the following provisions:

   a. 15 U.S.C. §1692e, which prohibits any false, deceptive or misleading representation or means in connection with the collection of any debt;

   b. 15 U.S.C. §1692e(2)(A), which prohibits misrepresentation of the character, amount, or legal status of the debt;

   c. 15 U.S.C. §1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt;

   d. 15 U.S.C. §1692f, which prohibits any unfair or unconscionable means to collect or attempt to collect any debt;

   e. 15 U.S.C. §1692f(1), which prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Case 4:09-cv-02842-PJH   Document 1   Filed 06/25/09   Page 7 of 9

30. As a result of CRS' violations of the FDCPA, plaintiff and members of the Proposed Class A were damaged.

### SECOND CAUSE OF ACTION
**(Violation of state Fair Debt Collection Act, Civil Code §1788 et seq.)**
**(Asserted on behalf of Plaintiff and the Proposed Plaintiff Classes A and B against all defendants)**

31. Plaintiff incorporates all other paragraphs as though fully set forth herein.

32. Each of the defendants is a "debt collector" within the meaning of Civil Code §1788.2(c). The monies allegedly owed by the members of the proposed classes are "debts" within the meaning of Civil Code §1788.2(d).

33. The debt collection practices of defendants violated various provisions of the state Fair Debt Collection Practices Act, including to but not limited to the following:

   a. Civil Code §1788.17, which incorporates by reference, and requires compliance with the provisions of the federal FDCPA set forth in the First Cause of Action above.

34. As a result of defendants' violations of the state FDCPA, plaintiff and members of the proposed classes were damaged.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for judgment against defendants and relief as follows:

On the First Cause of Action (Federal FDCPA)- Against CRS

   a. for actual damages pursuant to 15 U.S.C. §1692k(a)(2)(A) for himself and the members of the class;

   b. for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) for himself and members of the class;

COMPLAINT AND DEMAND FOR JURY TRIAL

7

c.     for prejudgment interest;

d.     for reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3); and

e.     for such other and further relief as the Court may deem proper.

<u>On the Second Cause of Action (state FDCPA)-Against all Defendants</u>

a.     for actual damages pursuant to 15 U.S.C. §1692k(a)(2)(A) (incorporated into the state FDCPA by Civil Code §1788.17) for himself and the members of the class;

b.     for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) (incorporated into the state FDCPA by Civil Code §1788.17) for himself and members of the class;

c.     for prejudgment interest;

d.     for reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) (incorporated into the state FDCPA by Civil Code §1788.17) and Civil Code §1788.30(c); and

e.     for such other and further relief as the Court may deem proper.

LAW OFFICES OF WILLIAM E. KENNEDY
HOUSING AND ECONOMIC RIGHTS ADVOCATES

Dated: 6-22-09

By: *William E. Kennedy* (signature)
William E. Kennedy
Attorneys for Jorge Soto and the Proposed Classes

COMPLAINT AND DEMAND FOR JURY TRIAL

8

1 **DEMAND FOR JURY TRIAL**

2 Please take notice that Plaintiff Jorge Soto demands a trial by jury in this action.

3

4                                   LAW OFFICES OF WILLIAM E. KENNEDY
                                  HOUSING AND ECONOMIC RIGHTS ADVOCATES

5

6 Dated: 6-22-09

7                        By:    William E. Kennedy
                                   Attorneys for Jorge Soto and the Proposed Classes

COMPLAINT AND DEMAND FOR JURY TRIAL

9