UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SOTO,<br><br>         Plaintiff,<br><br>    v.<br><br>COMMERCIAL RECOVERY SYSTEMS, INC.,<br><br>         Defendant.<br>_____/ | No. C-09-02842 PJH (DMR)<br><br>**ORDER REGARDING MARCH 7, 2011 JOINT DISCOVERY LETTER AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

## I. INTRODUCTION

Before the Court is the parties' March 7, 2011 joint letter brief setting forth the parties' discovery dispute and Plaintiff's motion for sanctions. *See* Docket Nos. 50 & 57. The Court conducted a hearing on March 31, 2011, during which the parties were given an opportunity to present their arguments. This Order summarizes the rulings made by the Court on the record during the March 31, 2011 hearing.

## II. BACKGROUND

Plaintiff Jorge Soto filed this lawsuit on behalf of himself and a class of individuals who were subject to collection efforts by a debt collector following home foreclosures. Plaintiff alleges that Defendant Commercial Recovery Systems, Inc. ("CRS") violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) and the California Fair Debt Collection Act,

California Civil Code section 1788 *et seq.* by attempting to collect on home mortgage loans that Plaintiff claims were unenforceable pursuant to California Code of Civil Procedure section 580b. That statute prohibits a lender from obtaining a deficiency judgment following foreclosure of a purchase money, owner-occupied property.

In discovery, Defendant CRS identified a group of 269 accounts which it obtained from Chase Home Finance ("Chase," which is not a party in this action) for collection which involved California properties during the liability period. Defendant has since narrowed that original group to 100 accounts which fall within the class definition. Plaintiff now seeks an order compelling Defendant to produce certain information and documents he claims is relevant to Plaintiff's claims and class certification. In their joint letter regarding this dispute, the parties organized the discovery at issue into four groups. The Court addresses each group in turn below.

## III. DISCUSSION

### A.  Group I Discovery

Plaintiff's Interrogatory No. 24 and Request for Production No. 10 seek information and documents containing the addresses of the properties securing the loans for the group of 269 accounts assigned to Defendant by Chase. Request for Production No. 11 seeks documents reflecting the dates of collection activities pertaining to the 269 accounts.

At the hearing on this matter, Plaintiff clarified that as part of a compromise of the current discovery dispute, he has narrowed the information and documents he seeks in response to these requests. At this time, Plaintiff is only seeking information necessary to ascertain membership in the putative class; specifically, the loan number and the foreclosed property address for each account. Plaintiff is not currently seeking putative class members' names, contact information, or any other identifying information, nor is he seeking information about the dates of collection activities by Defendant. Plaintiff further clarified that his request for this information is limited to the narrowed group of 100 accounts which Defendant has represented fall within the class definition. At the hearing, the parties also confirmed that a protective order which governs the use of confidential information has been entered in this case. *See* Docket No. 45.

Defendant CRS made numerous objections to these discovery requests, including an objection that releasing such information violates the putative class members' rights to privacy and that the information is protected from discovery by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*. In the course of meeting and conferring to address Defendant's privacy concerns, the parties agreed to a process whereby putative class members will be mailed a letter allowing them an opportunity to opt out of the disclosure of their information to Plaintiff, similar to the process approved by the court in *Stone v. Advance America*, No. 08-CV-1549-WQH, 2009 WL 4722924, *3 (S.D. Cal. Dec. 4, 2009). The parties negotiated and agreed on the form of the opt-out letter to be sent to the putative class members. In November 2010, the parties submitted a stipulation to the Honorable Phyllis J. Hamilton representing that they had reached such an agreement. *See* Docket No. 41. Defendant subsequently changed its mind. Defendant should not be permitted to renege on a compromise of a discovery dispute, particularly where it has already made a representation on the record to the Court that an agreement had been reached.

Moreover, the Court is satisfied that the opt-out mailing process proposed by the parties adequately protects the putative class members' privacy. Plaintiff does not even seek the putative class members' names at this juncture, thereby minimizing the privacy concerns. Furthermore, a protective order has been entered in this case, providing additional safeguards for any privacy concerns.

Therefore, in light of the parties' compromise on pre-certification discovery to ascertain membership in the putative class, the Court orders the following: by no later than April 5, 2011, Defendants shall mail the opt-out letter previously agreed upon by the parties to the addresses on record for each of the 100 accounts obtained from Chase, including those accounts for which any collection notices originally sent by Defendant were returned as undeliverable. At the end of the opt-out period as specified in the letter, Defendant shall provide Plaintiff with the loan number and the foreclosed property address for any individual who did not opt out of the disclosure of their information to Plaintiff. Defendant shall also provide Plaintiff with the loan number and the foreclosed property address for each account for which the opt-out letter itself is returned as

1 undeliverable.  The Court notes that this ruling is made without prejudice to Plaintiff's right to seek
2 additional information responsive to these discovery requests if class certification is granted.

### B.   Group II Discovery

Plaintiff's Request for Production No. 9 seeks the contract between Defendant and Chase pertaining to the assignment of Plaintiff's account to Defendant.  At the hearing on this matter, Defendant's counsel represented to the Court that she has produced the document at issue to Plaintiff.  Therefore, no dispute remains with respect to this request.

### C.   Group III Discovery

Request for Production Nos. 14 and 15 seek exemplars of two collection letters, the "DEF" and "TCARD" letters, respectively, that may have been sent to putative class members.  Defendant's representative, designated pursuant to Federal Rule of Civil Procedure 30(b)(6), testified at his deposition that these letters were the second and third of a three-part sequence of dunning letters.  Plaintiff Soto's account was recalled by Chase before Defendant mailed him the DEF and TCARD letters, so he only received the first letter in the set.  Defendant argues that because Defendant never sent Plaintiff the second and third letters, they are not relevant to Plaintiff's claims.  Defendant further argues that as the second and third letters are not common to all putative class members they are not relevant to the issue of commonality.  Plaintiff counters that he seeks to represent a class of individuals who were subject to "collection activities" by Defendant, not just those who received the first letter.  Therefore, Plaintiff argues that the letters may show facts common to the putative class.

To establish typicality, a requirement of class certification under Federal Rule of Civil Procedure 23(a), Plaintiff's claims need not be identical to the claims of the putative class members. *See CRLA, Inc. v. Legal Services Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990).  The record evidence indicates that Mr. Soto received the first in a sequence of dunning letters.  That he did not receive the next two in the series does not render those letters irrelevant to the potential class claims.  An exemplar of each letter shall be produced to Plaintiff no later than April 8, 2011.

### D.   Group IV Discovery

The final group of discovery includes Request for Production Nos. 17 and 18, which seek the manual and instructions for use of the CUBS program, a computer system Defendant uses to track

4

collection activities. Plaintiff seeks the manual in order to understand the codes, abbreviations, and fields in the collections log that specifically pertains to Plaintiff, and argues that the portions of the manual related to the treatment of anti-deficiency loans may contain information relevant to class issues. Although Plaintiff examined a Federal Rule of Civil Procedure 30(b)(6) witness in deposition about the meaning of entries on the log, Plaintiff argues he is entitled to obtain the information directly from the manual, as opposed to relying on a witness' interpretations. Defendant argues that the manual is a copyright-protected and highly confidential document that is proprietary to the collection industry.

The Court concludes that sections of the CUBS manual pertaining to interpreting the collections log and to the treatment of anti-deficiency loans are relevant and discoverable in this pre-certification period. However, rather than ordering the production of the entire manual at this time, the Court orders the following: Defendant shall immediately produce a copy of the table of contents and/or index of the CUBS manual to Plaintiff. The parties shall then meet and confer over which portions of the manual Plaintiff seeks at this time. If the parties are unable to agree which portions must be produced to Plaintiff, the parties shall submit to the Court a joint letter setting forth the parties' positions. Any such letter must be submitted by April 8, 2011 and shall not exceed two pages.

### E.     Plaintiff's Motion for Sanctions

Finally, the Court concludes that Defendant's positions with respect to the discovery at issue in the parties' joint letter were substantially justified. Therefore, Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: April 4, 2011

IT IS SO ORDERED

DONNA M. RYU
Donna M. Ryu
United States Magistrate Judge